CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
5/7/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMIAH R. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00816 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PARKER D. HALE, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

On November 25, 2025, Plaintiff Jeremiah Hill filed an amended complaint ("Am. Compl.") [ECF No. 4]), alleging numerous civil rights and constitutional claims against Defendant Officer Parker Hale of the Radford, Virginia Police Department. The claims arise from two August 2023 encounters between them at Hill's home. This matter is now before the court on Officer Hale's motion to dismiss. ("Def. Mot." [ECF No. 10].) For the reasons stated below, the court will grant Officer Hale's motion.

## I.    BACKGROUND

On August 8, 2023, Officer Parker D. Hale of the Radford, Virginia Police Department responded to a call regarding a domestic dispute between Hill and his girlfriend at Hill's apartment. (Am. Compl. at 8.) During the initial "back and forth" involving Hill, his girlfriend, and the reporting officers, Hill attempted to close the front door to his residence, but Officer Hale "stuck his foot in [the] door" and prevented Hill from closing it. (*Id.*) Hill contends that, by sticking his foot in the door, Officer Hale violated his "Fourth Amendment rights by illegally entering [his] apartment with no exigent circumstance." (*Id.*) Hill was arrested just after midnight on August 9, 2023, and released two days later. (*Id.*, Ex. 1.) He alleges that, when he

requested the body-cam footage[1] from an employee in the Radford Police Department, she told him that it "was not saved and was deleted." (*Id.* at 8.) Hill maintains that he has the footage, because he retained it from his criminal-defense attorney. (*Id.*)

Additionally, Hill alleges that, on August 14, 2023, Officer Hale came to his apartment to arrest him for violation of a protective order. (*Id.* at 7.) Hill states that he explained "through [the] door that [he] was not in violation of said order[,]" after which Officer Hale obtained a search warrant. (*Id.*) He contends that he told another officer that he was scared that he would be shot, but that officer told him that he would not be shot and directed him to exit his apartment. (*Id.*) Hill claims that, upon exiting his apartment, "the officer put[] his gun to [Hill's] head[, which was] a little excessive." (*Id.*) He was arrested on August 14, 2023, and released three days later. (*Id.*, Ex. 2.) Hill alleges that he has suffered lost wages and emotional damage because of these encounters. (*Id.* ¶ II.3.)

Hill filed his initial Complaint against Officer Hale on August 14, 2025, then timely amended the Complaint on November 25, 2025. (*See* ECF Nos. 1, 4.) Hill alleges various claims that appear to arise under 42 U.S.C. § 1983,[2] including false-arrest and false-imprisonment arising from the August 8 encounter ("Claim 1") and false-arrest and false-

---

[1] Hill indicates that he wanted this footage because "Office Hale . . . stated that there was no sign of any assault and no reason that [he] could go to jail." (Am. Compl. at 8.)

[2] Section 1983 creates a cause of action against a state actor for deprivation of any of the "rights, privileges, and immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. It is this federal cause of action that gets Hill into this court, *see* 28 U.S.C. § 1331, namely because Hill does not clarify whether he brings Claim 2 based on state law or the Fourth Amendment. (*See* Am. Compl. ¶ IV.) Apparent state-law claims cannot be brought in this court absent a separate grant of subject-matter jurisdiction. *See* 28 U.S.C. § 1367(a). In any event, there are *no* factual allegations to support Hill's false-arrest and false-imprisonment claims in Claim 2, especially considering that Hill stated that his arrest arose out of his violation of a protective order. (*Id.* at 7.)

imprisonment arising from the August 14 encounter ("Claim 2").[3] (*See* Am. Compl. ¶ III.) On February 4, 2026, Hale filed a motion to dismiss all claims. (Def. Mot.) The matter has been fully briefed, and it is now ready for disposition.

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

---

[3] Hill names Claim 1 "08-08-23 to 08-11-23 Arrested for A+B, held without substantial evidence" and Claim 2 "08-14-23 to 08-17-23 Arrested for violation of protective order, held without substantial evidence." (Am. Compl. ¶ III.) The court construes this language as claims for false arrest and false imprisonment. Hill also asserts claims for "loss of wages" ("Claim 3") and "emotional damage" ("Claim 4"). (Am. Compl. ¶¶ III, IV.) The court will dismiss these claims, as they describe Hill's alleged injuries for which he seeks relief, not separate causes of action. Additionally, Hill brings Claim 5 as a "violation of [his] civil rights," stating only that it pertains to the "violation of his Fourth Amendment rights" based on Officer Hale's sticking his foot in the door and preventing Hill from closing it "with no exigent circumstances" on August 8. (*Id.* ¶ III & at 6 (cleaned up).) The court, therefore, construes Claim 5 under the Fourth Amendment and, consequently, as duplicative of Claim 1, which alleges a Fourth Amendment violation (false arrest) arising from the same encounter. Accordingly, Claim 5 will be considered alongside Claim 1 and not treated as a separate claim.

### III.   ANALYSIS

In his motion, Officer Hale argues that Hill's claims should be dismissed because, in part, they are time-barred. (Def. Mot. at 4–7.) In response, Hill argues that the Radford Police Department fraudulently concealed the body-cam footage of the August 8 encounter (*see generally* Pl.'s Opp'n Def. Mot. ("Pl.'s Opp'n") [ECF No. 14]); based on this assertion, the court understands Hill as making an argument for tolling based on a theory of fraudulent concealment. The court agrees with Officer Hale.

Section 1983 "does not contain its own statute of limitations. Thus, 'to determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action.'" *D.A. Realestate Inv., LLC v. City of Norfolk*, No. 2:21-cv-653, 2023 WL 2637382, at *4 (E.D. Va. Mar. 23, 2023) (quoting *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 388 (4th Cir. 2014)). The analogous cause of action for § 1983 suits is personal injury. *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The statute of limitations for personal injury suits in Virginia is two years. Va. Code Ann. § 8.01-243(A). But "[a]lthough state law determines the applicable statute of limitations for § 1983 claims, federal law governs the date on which that limitations period begins to run. . . . Federal law, in turn, 'conform[s] . . . to common-law tort principles' for purposes of determining this date." *Owens*, 767 F.3d at 388–89 (quoting *Wallace*, 549 U.S. at 388). And under those principles, accrual occurs "when the plaintiff knows or has reason to know of his injury." *Owens*, 767 F.3d at 389; *see also Gilmer v. Ofogh*, No. 7:08-cv-00618, 2009 WL 1491040, at * 2 (W.D. Va. May 26, 2009) ("A federal cause of action accrues when 'the plaintiff has a complete and present cause of action' or when

the plaintiff can file suit and obtain relief." (internal quotations omitted) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997))).

In section 1983 suits arising out of an allegedly false arrest, the Fourth Circuit considers the date of the arrest as the appropriate time of accrual because, on that day, the plaintiff "knew or should have known both of the injury resulting from his allegedly illegal seizure and who was responsible for any injury." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 182 (4th Cir. 1991); *see also Graves v. Taylor*, No. 3:19-cv-00033, 2021 WL 689265, at *3 (W.D. Va. Feb. 22, 2021). For claims of false imprisonment, the accrual date begins "on the date that [a plaintiff] was arraigned by a magistrate, *i.e.*, the date on which his false imprisonment ended." *Owens*, 767 F.3d at 389 (emphasis added) (citing *Wallace v. Kato*, 549 U.S. 384, 391–92 (2007)). Therefore, unless Hill's theory of fraudulent concealment applies, Claim 1 began accruing between August 8 and August 11, 2023 (the date of his first alleged false arrest and release from false imprisonment,[4] respectively). Claim 2 began accruing between August 14 and August 17, 2023 (the date of his second alleged false arrest and release from false imprisonment, respectively).

Under the doctrine of tolling by fraudulent concealment,[5] "because of the defendant's wrongful acts of concealment, the plaintiff is not aware of the facts giving rise to his claim

---

[4] The court conservatively considers August 11 and August 17, 2023—the dates he was released from detention—to be "the date[s] on which [Hill's] false imprisonment ended." *Owens*, 767 F.3d at 389. Even though Hill's evidence does not show when he was presented to a magistrate, he most certainly would have been arraigned by the time he was released, and he does not argue to the contrary. (*See* Am. Compl., Exs. 1, 2 (stating that Hill was "committed by" a magistrate (cleaned up)).

[5] Hill appears to assert a defense for fraudulent concealment, while Officer Hale anticipates and addresses a hybrid argument for equitable tolling. (*See* Def.'s Mot. at 5–6.) Fraudulent concealment and equitable tolling— along with their sister doctrine of equitable estoppel—are similar, yet distinct, concepts, and "opinions have not always used consistent or precise terminology to distinguish these three tolling doctrines." *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 549 (4th Cir. 2019). Despite the nuanced terminology, other courts in this circuit

within the limitations period." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 549 (4th Cir. 2019);

*see also Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995)

("[T]he fraudulent concealment tolling doctrine is to be 'read into every federal statute of

limitation.'" (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946))). To establish his

entitlement to "relief from a limitations period based on fraudulent concealment," *Edmonson*,

922 F.3d at 551,

> a plaintiff must demonstrate: (1) the party pleading the statute of
> limitations fraudulently concealed facts that are the basis of the
> plaintiff's claim, and (2) the plaintiff failed to discover those facts
> within the statutory period, despite (3) the exercise of due
> diligence.

*Supermarket of Marlinton, Inc.*, 71 F.3d at 122. "The *sine qua non* of fraudulent concealment is that

the defendant fraudulently concealed from the plaintiff his cause of action during the time in

which plaintiff could have brought that action." *Barnes v. W., Inc.*, 243 F. Supp. 2d 559, 563

(E.D. Va. 2003) (quoting *Cardiello v. The Money Store*, No. 00CIV.7332(NRB), 2001 WL 604007,

at *4 (S.D.N.Y. June 1, 2001)).

Here, Hill's theory of fraudulent concealment does not save his claims, because the

body-cam footage—even if it was concealed—did not contain any information essential to

stating his claim at the pleading stage. To the extent he raises claims for false arrest, Hill knew

or should have known of his alleged injuries during the August 8 and August 14 encounters

with Officer Hale at his home, and that Officer Hale was the responsible actor for those

injuries. (*See* Am. Compl. at 5–8.); *see also Graves*, 2021 WL 689265, at *3. That is, Hill did not

---

have previously merged the two concepts and addressed the substance of tolling arguments, much like the one
Hill puts forth here. *See Barnes v. W., Inc.*, 243 F. Supp. 2d 559, 563 (E.D. Va. 2003).

allege that, on those days, Officer Hale's identity was unknown; in fact, he explicitly stated that he had a conversation with Officer Hale when he responded to the domestic dispute on August 8, and that Officer Hale came back to arrest him on August 14. (*See* Am. Compl. at 7–8.) The same is true for his false-imprisonment claim—he knew or should have known the dates on which he was presented to the magistrate and when he was released from detention. *See Graves*, 2021 WL 689265, at *3. At bottom, while Hill may have desired the body-cam footage—which, puzzlingly, he claims he already had access to via his attorney—to strengthen his claim, he did not *need* the footage to know the facts "that were the basis of [his] claim." *Supermarket of Marlinton, Inc.*, 71 F.3d at 122. In other words, with or without the bodycam footage, he had "a complete and present cause of action" in August 2023. *Bay Area Laundry*, 522 U.S. at 201.[6]

Therefore, based on the accrual dates determined above, the two-year statute of limitations for Hill's claims expired on August 17, 2025, at the latest. Hill did not file his initial Complaint until November 14, 2025—three months after the limitations period expired. Accordingly, Hill's claims are time-barred and must be dismissed.

## IV.    CONCLUSION

For the reasons stated above, Officer Hale's motion to dismiss will be granted, and Hill's Amended Complaint will be dismissed with prejudice.

The Clerk is directed to forward a copy of this memorandum opinion and the accompanying Order to the parties.

---

[6] And, in any event, Hill does not allege that Officer Hale was the one to conceal or deny him the footage—he alleges that the Radford Police Department did so. (Am. Compl. at 8.) The Radford Police Department is not a named defendant in this suit and, therefore, Hill's claim fails for an additional reason.

**ENTERED** this 7th day of May, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE